■ MARION LANDE, Appellant, v MARCEL H. ARONHEIM, Respondent. [826 NYS2d 726]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), dated February 16, 2005, which, upon a jury verdict and upon an order of the same court entered June 25, 2004, denying her motion to set aside the verdict pursuant to CPLR 4404, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff slipped and fell on newspapers which, several hours earlier, the defendant had left on a stairway in the condominium where they both resided. At the trial, the jury was asked to decide whether the existence of the newspapers on the stairs constituted an unsafe condition and, if such an unsafe condition was found to exist, whether the defendant had been negligent. The jury found that the existence of the newspapers on the stairs constituted an unsafe condition but that the defendant was not negligent. The plaintiff moved to set aside the verdict as against the weight of the credible evidence on the ground that, "[h]aving found that the defendant created the unsafe condition, there is no rational basis to find that the defendant was not negligent." The motion was denied. On appeal, the plaintiff reiterates his argument that the verdict was against the weight of the credible evidence on the ground that the verdict finding that the existence of the newspapers on the stairs created an unsafe condition, but that the defendant, in creating that unsafe condition, had not been negligent, was inconsistent.

The record reveals that, in response to an inquiry by the court prior to deliberations, the plaintiff's attorney indicated that the verdict sheet which was submitted to the jury met with his satisfaction. Moreover, the claim that the verdict was inconsistent was not raised until after any steps could have been taken by the trial court to cure any alleged inconsistency. Therefore, the

claim is unpreserved for appellate review (*cf. Barry v Manglass*, 55 NY2d 803, 806 [1981]). Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.