■ MAUREEN MARMO et al., Appellants, v PAUL TERRACCIANO et al., Respondents. [60 NYS3d 226]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Adler, J.), entered October 10, 2014, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of the motion of the plaintiff Maureen Marmo, in effect, pursuant to CPLR 4404, inter alia, to set aside the verdict, is in favor of the defendants and against the plaintiff Maureen Marmo dismissing the complaint.

Ordered that the appeal by the plaintiff Anthony Marmo is dismissed; and it is further,

Ordered that the judgment is affirmed on the appeal by the plaintiff Maureen Marmo; and it is further,

Ordered that one bill of costs is awarded to the defendants.

As is relevant to this appeal, the plaintiff Maureen Marmo (hereinafter the plaintiff), commenced this medical malpractice action to recover damages for injuries she contends she sustained undergoing surgery under general anesthesia. At trial, the plaintiff testified, inter alia, that she woke up during the surgery, experiencing intraoperative conscious awareness. Both sides presented fact witnesses and expert testimony at trial regarding, inter alia, the plaintiff's claims of intraoperative conscious awareness. Thereafter, the jury returned a verdict in favor of the defendants on the issue of liability, answering "no" to question No. 1 in the verdict sheet, which asked the jury to determine if the plaintiff experienced conscious awareness during the surgery. Pursuant to the verdict sheet, upon its "no" verdict to that question, the jury did not answer any other questions on the verdict sheet. After the verdict in favor of the defendants was rendered, the plaintiff moved, in effect, pursuant to CPLR 4404 (a), to set aside the verdict and enter judgment in her favor or for a new trial. The Supreme Court denied the motion and entered judgment in favor of the defendants. The plaintiffs appeal.

The appeal by the plaintiff Anthony Marmo must be dismissed because the judgment recites that he had discontinued his claim with prejudice. Thus, he is not aggrieved by a judgment in favor of the defendants and against the plaintiff Maureen Marmo (*see Berrechid v Shahin*, 60 AD3d 884, 884 [2009]).

Contrary to the plaintiff's contention, the verdict was not contrary to the weight of the evidence. "A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Scarpulla v*

*Williams*, 147 AD3d 1101, 1102 [2017]). In addition, where, as here, both parties present expert testimony, it is the province of the jury to determine the experts' credibility (*see Monroy v Glavas*, 57 AD3d 631, 632 [2008]). Based on the evidence introduced at trial, the verdict in favor of the defendants should not be disturbed.

The plaintiff's remaining contentions are without merit. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.