Pinski v Santoren, Inc. (2020 NY Slip Op 05244)





Pinski v Santoren, Inc.


2020 NY Slip Op 05244


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-13184
 (Index No. 62196/15)

[*1]Matt Pinski, respondent, 
v
Santoren, Inc., defendant, Tomas Leszczynski, appellant.


Tomas Leszczynski, San Diego, California, appellant pro se.
Harris, St. Laurent & Chaudhry LLP, New York, NY (Evan W. Bolla of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for fraudulent misrepresentation, breach of fiduciary duty, and unjust enrichment, the defendant Tomas Leszczynski appeals from a judgment of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated October 25, 2017. The judgment, upon a jury verdict, is in favor of the plaintiff and against the defendant Tomas Leszczynski in the principal sum of $910,000.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for breach of fiduciary duty, fraudulent misrepresentation, and unjust enrichment. The defendants had acted as investment advisers to the plaintiff with respect to his approximately $6 million inheritance. The plaintiff alleged, among other things, that the defendant Tomas Leszczynski, who was the principal of the defendant investment advisory firm, Santoren, Inc., engaged in a course of egregious margin-based day trading that was contrary to an agreed upon more conservative investment strategy, which resulted in a significant loss of the plaintiff's investments. Following a jury trial, the jury determined that Leszczynski was liable to the plaintiff on all three causes of action and awarded the plaintiff damages in the principal sum of $910,000. Subsequently, the Supreme Court entered a judgment in favor of the plaintiff and against Leszczynski in that principal sum. Leszczynski appeals from the judgment. We affirm.
Leszczynski's contention that the evidence was legally insufficient to support the jury's verdict is unpreserved for appellate review, as he did not move pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence, thereby implicitly conceding that the issue was for the trier of fact to determine (see Miller v Miller, 68 NY2d 871, 873; Houston v Koszer, 178 AD3d 781; Island Assoc. Real Estate, Inc. v Doukas, 130 AD3d 684, 685).
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Coleman v MCIZ Corp., 173 AD3d 671, 672-673; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Gaudiello v City [*2]of New York, 80 AD3d 726, 726-727). Here, the jury's verdict was not contrary to the weight of the evidence. The jury's finding that Leszczynski fraudulently misrepresented the status of the plaintiff's accounts and the nature of the investments in which he would be investing on behalf of the plaintiff and breached his fiduciary duties owed to the plaintiff in the course of managing the plaintiff's investments, causing the plaintiff to suffer significant financial loss and Leszczynski to become unduly enriched, was supported by a fair interpretation of the evidence.
Leszczynski's contentions regarding jury selection and the introduction of certain documents into evidence are unpreserved for appellate review, as Leszczynski failed to raise objections as to these matters before the Supreme Court (see CPLR 5501). With respect to Leszczynski's remaining contentions, they are without merit.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court