Feiner v Galpern (2020 NY Slip Op 05889)





Feiner v Galpern


2020 NY Slip Op 05889


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-04933 
2018-09969
 (Index No. 52218/16)

[*1]Barry Feiner, etc., et al., respondents-appellants,
v
Ariel Galpern, et al., appellants-respondents.


David H. Singer & Associates, LLP, New York, NY (Christopher S. McCann of counsel), for appellants-respondents.
Steven Finell, New York, NY, for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, (1) the defendants appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated November 22, 2017, and (2) the defendants appeal, and the plaintiffs cross-appeal, from an order of the same court (Charles D. Wood, J.) dated August 10, 2018. The order dated November 22, 2017, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment dismissing the defendants' counterclaims. The order dated August 10, 2018, insofar as appealed from, denied the defendants' motion pursuant to CPLR 4404(a) to set aside so much of a jury verdict as awarded the plaintiffs damages in the sum of $91,000 for unjust enrichment and for judgment as a matter of law dismissing the unjust enrichment cause of action. The order dated August 10, 2018, insofar as cross-appealed from, denied that branch of the plaintiffs' motion which was pursuant to RPAPL 1921(7) for an award of costs and reasonable attorney's fees.
ORDERED that the appeal from the order dated November 22, 2017, is dismissed as abandoned; and it is further,
ORDERED that the order dated August 10, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated August 10, 2018, is reversed insofar as cross-appealed from, on the facts and in the exercise of discretion, that branch of the plaintiffs' motion which was for an award of costs and reasonable attorney's fees is granted, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the amount of costs and reasonable attorney's fees to be awarded to the plaintiffs; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs commenced this action alleging that they paid off a mortgage in full on April 30, 2015, but the defendants wrongfully refused to issue a satisfaction of mortgage. The plaintiffs sought, among other things, relief pursuant to RPAPL 1921 and damages for unjust enrichment and slander of title. The defendants issued a satisfaction of mortgage during the [*2]pendency of this action, on July 7, 2017. After trial, the jury reached a verdict awarding the plaintiffs damages in the sums of $1,500 on the RPAPL 1921 cause of action, $91,000 on the unjust enrichment cause of action, and $0 on the slander of title cause of action. The defendants moved pursuant to CPLR 4404(a) to set aside so much of the verdict as awarded the plaintiffs damages in the sum of $91,000 for unjust enrichment and for judgment as a matter of law dismissing the unjust enrichment cause of action. The plaintiffs moved, inter alia, for an award of costs and reasonable attorney's fees. In an order dated August 10, 2018, the Supreme Court denied both motions. The defendants appeal, and the plaintiffs cross-appeal.
The defendants' challenge to the legal sufficiency of the evidence is unpreserved for appellate review as they "failed to move pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence" (Sessa v Seddio, 132 AD3d 656, 656; see Miller v Miller, 68 NY2d 871, 873). Contrary to the plaintiffs' argument, however, we reach the defendants' challenge to the weight of the evidence, as "there is no preservation requirement for weight of the evidence review" (Evans v New York City Tr. Auth., 179 AD3d 105, 111).
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Sela v Katz, 165 AD3d 1191, 1192). Under the circumstances presented here, we are satisfied that the jury verdict with respect to the unjust enrichment cause of action was in accordance with the weight of the evidence. A fair interpretation of the evidence supports the conclusion that the parties did not reach an agreement concerning the subject matter of this dispute and that the plaintiffs' cause of action to recover damages for unjust enrichment sought to remedy a distinct wrong from that addressed under RPAPL 1921.
The defendants' challenges to the jury charge and the verdict sheet are either improperly raised for the first time on appeal (see Salov v Akinjide, 172 AD3d 1127, 1128) or unpreserved for appellate review (see CPLR 4110-b; Lande v Aronheim, 35 AD3d 819, 819-820).
However, we disagree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was for an award of costs and reasonable attorney's fees. The defendants did not demonstrate a valid reason for their failure and refusal, without litigation and extensive motion practice, to execute and deliver the satisfaction of mortgage to the plaintiffs for more than two years after the principal was paid (see RPAPL 1921[7]). RPAPL 1921(7) authorizes an award of costs and reasonable attorney's fees in these circumstances and the court improvidently exercised its discretion in declining to award the plaintiffs costs and reasonable attorney's fees (see generally Giallo-Uvino v Uvino, 165 AD3d 894). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing to determine the amount of costs and reasonable attorney's fees to be awarded to the plaintiffs.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court