Liguori v Yerger (2021 NY Slip Op 04911)





Liguori v Yerger


2021 NY Slip Op 04911


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-12617
 (Index No. 1927/14)

[*1]Lisa Liguori, etc., appellant, 
v
Craig Yerger, et al., respondents.


Tully Law Office, P.C., Yorktown Heights, NY (Tara A. Tully of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Lori Semlies and Judy C. Selmeci of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Putnam County (Robert M. DiBella, J.), dated October 31, 2017. The judgment, upon a jury verdict, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for medical malpractice against the defendant Craig Yerger, a radiology technician, and the defendant Putnam Hospital Center. The plaintiff alleged that Yerger deviated from the accepted standard of care when he administered, through an IV in her hand, CT contrast media at the flow rate of 1.3 ccs per second, and that said deviation proximately caused her to suffer an "extravasation" of the contrast media (the contrast media spilled from the vein in her hand into the surrounding tissue), which, in turn, caused her to suffer various complications from this occurrence, including compartment syndrome requiring surgery.
During a jury trial, the parties submitted conflicting expert testimony with respect to the accepted standard of care on the issue of the flow rate of CT scan contrast media through a hand IV, as well as evidence that Yerger violated a hospital policy directing use of a flow rate of 1.0 ccs per second. The jury found, among other things, that the defendants did not depart from good and accepted medical practice by injecting contrast media at a rate of 1.3 ccs per second. The plaintiff appeals from a judgment in favor of the defendants and against her, in effect, dismissing the complaint. We affirm.
The plaintiff's contention that the jury verdict should be set aside and that she should be granted judgment as a matter of law is without merit. Contrary to the plaintiff's contention, there was a valid line of reasoning and permissible inferences which could lead rational people to conclude that the defendants did not depart from accepted medical practice by administering CT contrast media into the plaintiff's hand IV at the flow rate of 1.3 ccs per second (see Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 132; Mancusi v Setzen, 73 AD3d 992, [*2]993). Yerger's violation of the hospital's policy of using a flow rate of 1.0 ccs per second merely constituted "some evidence of negligence" the jury could consider in determining whether Yerger violated accepted medical practice (see Haber v Cross County Hosp., 37 NY2d 888; Kadyszewski v Ellis Hosp. Assn., 192 AD2d 765; Tober v Mount Sinai Hosp., 149 AD2d 692; Mertsaris v 73rd Corp., 105 AD2d 67, 76).
Further, contrary to the plaintiff's contention, the verdict was not contrary to the weight of the evidence. "A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Marmo v Terracciano, 153 AD3d 512, 513, quoting Scarpulla v Williams, 147 AD3d 1101, 1102; see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d at 134). Although the plaintiff and the defendants presented conflicting expert testimony, affording due deference to the jury's resolution of that conflict, we find no valid basis for disturbing the jury's verdict (see Marmo v Terracciano, 153 AD3d at 513-514; Quezada v O'Reilly-Green, 24 AD3d 744, 746).
The plaintiff's remaining contentions are unpreserved for appellate review.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court