Abbene v Conetta (2021 NY Slip Op 05682)





Abbene v Conetta


2021 NY Slip Op 05682


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2017-10568
 (Index No. 700820/13)

[*1]Jane Abbene, etc., appellant,
v
Rick Conetta, etc., respondent.


Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie L. Bross of counsel), for appellant.
Albanese & Albanese, LLP (Mauro Lilling Naparty, LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 21, 2017. The judgment, upon a jury verdict, and upon an order of the same court entered March 22, 2017, denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On March 10, 2012, Joseph D. Sarra (hereinafter the decedent) died from lung cancer. The plaintiff, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death stemming from the defendant's alleged failure to diagnose the decedent's lung cancer by departing from the standard of care in ordering a chest X ray instead of a chest CT scan upon the decedent's exam visit on September 16, 2011.
After a jury trial, the jury returned a verdict in favor of the defendant, finding that the defendant did not depart from good and accepted medical practice by failing to order a chest CT scan for the decedent. The Supreme Court subsequently denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial and entered a judgment dismissing the complaint. The plaintiff appeals.
A jury verdict in favor of a defendant may not be "set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that [it] could not have been reached on any fair interpretation of the evidence" (Marmo v Terracciano, 153 AD3d 512, 513; see Scarpulla v Williams, 147 AD3d 1101, 1102). "'Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference'" (Aronov v Kanarek, 166 AD3d 574, 575, quoting Cicola v County of Suffolk, 120 AD3d 1379, 1382). Further, where conflicting expert testimony is presented, "the jury is entitled to accept one expert's opinion and reject that of another expert" (Hollingsworth v Mercy Med. Ctr., 161 AD3d 831, 832).
Here, the jury's finding that the defendant did not depart from good and accepted medical practice was based upon a fair interpretation of the evidence, and, thus, was not contrary to the weight of the evidence. Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to weight of the evidence and for a new trial.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court