Ditoro v Richmond Univ. Med. Ctr. (2022 NY Slip Op 01003)





Ditoro v Richmond Univ. Med. Ctr.


2022 NY Slip Op 01003


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-14991
 (Index No. 151024/15)

[*1]Doreen Ditoro, etc., appellant,
v
Richmond University Medical Center, et al., defendants, Madhvi Rana, etc., respondent.


Collopy & Carlucci, P.C., New York, NY (Marvin Ben-Aron of counsel), for appellant.
Marulli, Mannarino, Erichsen & Tomaszewski, LLP, New York, NY (Gerard J. Marulli of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Alan C. Marin, J.), dated December 3, 2018. The judgment, upon a jury verdict, is in favor of the defendant Madhvi Rana and against the plaintiff dismissing the complaint insofar as asserted against her.
ORDERED that the judgment is affirmed, with costs.
Michael Ditoro (hereinafter the decedent) was hospitalized at the defendant Richmond University Medical Center (hereinafter RUMC) from October 28, 2012, to November 5, 2012, as a result of a pulmonary embolism. He was later diagnosed with cancer, and he subsequently died. Doreen Ditoro, individually and as executor of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against, among others, RUMC and the defendants Frank Scafuri, Frank Scafuri, III, D.O., P.C. (hereinafter Scafuri, P.C.), and Madhvi Rana. The case proceeded to a jury trial, and after the plaintiff rested, the plaintiff settled with Scafuri and Scafuri, P.C. At the conclusion of the trial, the jury returned a verdict finding, among other things, that Scafuri had departed from accepted standards of medical practice by failing to order a urology consultation during the decedent's hospitalization at RUMC, and that Rana had not departed from the standard of care by failing to order a urology consultation during that hospitalization. The plaintiff made an oral application, in effect, pursuant to CPLR 4404(a) to set aside the verdict in favor of Rana as inconsistent with the verdict against Scafuri, and against the weight of the evidence. The Supreme Court denied the application, and entered judgment in favor of Rana and against the plaintiff dismissing the complaint insofar as asserted against her. The plaintiff appeals.
"A jury verdict in favor of a defendant may not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that it could not have been reached on any fair interpretation of the evidence" (Abbene v Conetta, 198 AD3d 849, 850 [internal quotation marks omitted]). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" [*2](Feiner v Galpern, 187 AD3d 992, 993). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference" (Abbene v Conetta, 198 AD3d at 850 [internal quotation marks omitted]). "Further, where conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (id. [internal quotation marks omitted]).
Here, contrary to the plaintiff's contention, the verdict in favor of Rana can be reconciled with a reasonable view of the evidence in a way that is not inconsistent with the verdict against Scafuri, and is not against the weight of the evidence (see Feiner v Galpern, 187 AD3d at 993). The jury was presented with conflicting expert opinions from Rana and the plaintiff on the issue of whether Rana departed from the standard of care, and its determination to credit Rana's expert over the plaintiff's expert "is entitled to deference" (Abbene v Conetta, 198 AD3d at 850 [internal quotation marks omitted]). Scafuri, on the other hand, settled with the plaintiff mid-trial and did not present any evidence. Thus, the only expert opinion before the jury regarding Scafuri's negligence was that of the plaintiff's expert, who testified that Scafuri had departed from the standard of care. Accordingly, the Supreme Court properly denied the plaintiff's application to set aside the verdict in favor of Rana.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court