Metz v Peconic Bay Med. Ctr. (2022 NY Slip Op 01996)





Metz v Peconic Bay Med. Ctr.


2022 NY Slip Op 01996


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-01403 
2018-03992
 (Index No. 61343/13)

[*1]Harold C. Metz, etc., appellant, 
v
Peconic Bay Medical Center, respondent, et al., defendants.


Jacoby & Meyers, LLP, Newburgh, NY (Lawrence D. Lissauer and Michael Feldman of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 27, 2017, and (2) a judgment of the same court dated January 25, 2018. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant Peconic Bay Medical Center on the issue of liability as contrary to the weight of the evidence and for a new trial. The judgment, upon an order of the same court (Peter H. Mayer, J.) dated December 2, 2016, inter alia, denying the plaintiff's motion for summary judgment on the issue of liability against the defendant Peconic Bay Medical Center, upon the jury verdict, and upon the order dated December 27, 2017, is in favor of the defendant Peconic Bay Medical Center and against the plaintiff, in effect, dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order dated December 27, 2017, is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Peconic Bay Medical Center.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action in June 2013, alleging, inter alia, medical malpractice and negligence. The plaintiff moved for summary judgment on the issue of liability against the defendant Peconic Bay Medical Center (hereinafter PBMC). The Supreme Court denied the motion. Following a unified trial on the issues of liability and damages, the jury found that PBMC was not negligent. The plaintiff then moved pursuant to CPLR 4404(a) to set aside the [*2]verdict as contrary to the weight of the evidence and for a new trial. The court denied the motion and thereafter issued a judgment, in effect, dismissing the complaint insofar as asserted against PBMC. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability against PBMC. "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Once the movant has made such a showing, the burden shifts to the party opposing the motion to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Here, under the circumstances of this case, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting an affidavit of his expert, which demonstrated that PBMC failed to exercise ordinary and reasonable care to ensure that no unnecessary harm befell the decedent (see generally Papa v Brunswick Gen. Hosp., 132 AD2d 601, 603). In opposition, PBMC submitted an affirmation of its expert, which sufficiently rebutted the plaintiff's prima facie showing and raised triable issues of fact.
The Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. "'A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence'" (Liguori v Yerger, 197 AD3d 1108, 1109, quoting Marmo v Terracciano, 153 AD3d 512, 513). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (Hollingsworth v Mercy Med. Ctr., 161 AD3d 831, 832; see Abbene v Conetta, 198 AD3d 849). "'Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference'" (Abbene v Conetta, 198 AD3d at 850, quoting Aronov v Kanarek, 166 AD3d 574, 575 [internal quotation marks omitted]; see Cicola v County of Suffolk, 120 AD3d 1379, 1382). Here, the jury's finding that PBMC was not negligent was based on a fair interpretation of the evidence, and thus, the verdict was not contrary to the weight of the evidence.
The parties' remaining contentions are without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court