Hall v Bouklis (2022 NY Slip Op 03889)

Hall v Bouklis

2022 NY Slip Op 03889

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-00584
 (Index No. 7664/14)

[*1]Anthony Hall, appellant,
v
Anthanasios Bouklis, respondent.

Sacco & Fillas, LLP, Astoria, NY (Steven Hoffman of counsel), for appellant.
McManus Ateshoglou Aiello & Apostolakos PLLC, New York, NY (Athanasia Apostolakos of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Carolyn F. Wade, J.), entered October 31, 2018. The judgment, upon a jury verdict in favor of the defendant, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for assault and battery against the defendant stemming from an altercation that occurred between the parties. Following a jury trial, during which the parties presented conflicting versions of the altercation, the jury rendered a verdict finding that the defendant did not commit assault or battery against the plaintiff. A judgment was entered October 31, 2018, upon the jury verdict, in effect, dismissing the complaint. The plaintiff appeals, and we affirm.
On this record, it cannot be said, as the plaintiff contends, that the Supreme Court's denial of his application to admit into evidence a certain video was an improvident exercise of discretion under the circumstances (see Kane v Triborough Bridge & Tunnel Auth., 8 AD3d 239, 241).
Further, contrary to the plaintiff's contention, the jury verdict was not contrary to the weight of the evidence. "A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Liguori v Yerger, 197 AD3d 1108, 1109 [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 134). Although the plaintiff and the defendant presented conflicting testimony concerning material aspects of the altercation between them, affording due deference to the jury's resolution of that conflict, we find no valid basis for disturbing the jury verdict in favor of the defendant (see Oteri v Village of Pelham, 100 AD3d 725; Palermo v Original California Taqueria, Inc., 72 AD3d 917, 918).
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court