Fernandez v Taping Expert, Inc. (2022 NY Slip Op 06114)

Fernandez v Taping Expert, Inc.

2022 NY Slip Op 06114

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-11259
 (Index No. 31817/15)

[*1]Sandy Joel Fana Fernandez, appellant, 
v
Taping Expert, Inc., et al., defendants, Blima Ruchel Girls School, et al., respondents.

Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Christopher T. Rogers of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Paul I. Marx, J.), dated September 13, 2019. The judgment, upon a jury verdict in favor of the defendants Blima Ruchel Girls School and Keren Yad Veizer, Inc., and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
While painting a stairwell at premises owned and operated by the defendants Blima Ruchel Girls School and Keren Yad Veizer, Inc. (hereinafter together the defendants), the plaintiff allegedly was injured when he fell from a makeshift scaffold. The plaintiff commenced this action against the defendants, among others, to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). After a jury trial, the jury returned a verdict finding that the plaintiff suffered a fall but that the fall was not a substantial factor in causing his injuries. The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion and issued a judgment dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals.
"A jury verdict in favor of a defendant may not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that it could not have been reached on any fair interpretation of the evidence" (Ditoro v Richmond Univ. Med. Ctr., 202 AD3d 912, 913 [internal quotation marks omitted]; see Grivas v MTA Bus Co., 205 AD3d 776, 777; Luna v 4300 Crescent, LLC, 174 AD3d 881, 882). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Young Mee Oh v Koon, 140 AD3d 861, 862). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855; see Niebles v MTA Bus Co., 110 AD3d 1047, 1047).
"Labor Law § 240(1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work" [*2](Londono v Dalen, LLC, 204 AD3d 658, 659 [internal quotation marks omitted]). However, "an accident alone does not establish a Labor Law § 240(1) violation or causation" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289). Rather, "[t]o prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries" (Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887).
Here, two defense experts testified that the plaintiff's injuries were not caused by his fall from the scaffold but were instead degenerative in nature, and the plaintiff's expert conceded that the plaintiff's injuries could have been caused by a degenerative condition. Since the verdict in the defendants' favor was based on a fair interpretation of the evidence, the Supreme Court properly denied the plaintiff's motion to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
The plaintiff's contention that the Supreme Court should have directed a judgment in his favor is unpreserved for appellate review, since he failed to move pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence, thereby implicitly conceding that the issue was for the trier of fact to determine (see Miller v Miller, 68 NY2d 871; Pinski v Santoren, Inc., 186 AD3d 1737; McConnell v Santana, 77 AD3d 635).
The plaintiff's challenges to the jury charge and the verdict sheet are either improperly raised for the first time on appeal (see Salov v Akinjide, 172 AD3d 1127, 1128) or unpreserved for appellate review (see CPLR 4110-b; Feiner v Galpern, 187 AD3d 992, 993).
This Court cannot review the issues raised with regard to so much of an order dated November 30, 2018, as denied the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants (see Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025; Stanescu v Stanescu, 206 AD3d 1031, 1033-1034).
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court