Thomas v Hudson Group HG Retail, LLC (2023 NY Slip Op 03494)

Thomas v Hudson Group HG Retail, LLC

2023 NY Slip Op 03494

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-04608
 (Index No. 10770/15)

[*1]Vale Thomas, appellant, 
v
Hudson Group HG Retail, LLC, et al., respondents.

Subin Associates, LLP (Herbert S. Subin and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Michael H. Zhu, and Kelly Breslauer], of counsel), for appellant.
Eric D. Feldman, New York, NY (Evy Kazansky of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated March 2, 2020. The judgment, upon a jury verdict in favor of the defendants on the issue of damages finding that the subject accident was not a substantial factor in causing the plaintiff's injuries, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. After a jury trial on the issue of damages, the jury returned a verdict in favor of the defendants, finding that the subject accident was not a substantial factor in causing the plaintiff's injuries. The Supreme Court thereafter issued a judgment, upon the jury verdict, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
"A jury verdict in favor of a defendant may not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that it could not have been reached on any fair interpretation of the evidence" (Ditoro v Richmond Univ. Med. Ctr., 202 AD3d 912, 913 [internal quotation marks omitted]; see Fernandez v Taping Expert, Inc., 210 AD3d 651, 651). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Fernandez v Taping Expert, Inc., 210 AD3d at 651-652). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855; see Fernandez v Taping Expert, Inc., 210 AD3d at 652).
Here, three defense experts testified at trial that the plaintiff's injuries were not caused or exacerbated by the subject accident, as the injuries were degenerative in nature and caused by a prior accident. Moreover, these experts testified that the results of imaging studies of the alleged injuries taken after the subject accident were identical to the results of the same studies taken before [*2]the accident. The verdict in the defendants' favor was thus based on a fair interpretation of the evidence.
The Supreme Court providently exercised its discretion in admitting into evidence films of a CT scan of the cervical region of the plaintiff's spine. Contrary to the plaintiff's contention, the defendants were not required to comply with the notice requirements of CPLR 3122-a or 4532-a because they did not seek to admit the films pursuant to either statute, and instead relied on the testimony of the custodian of the records to lay a proper foundation for the admission of the films as business records.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court