Madigan v Putnam County (2024 NY Slip Op 04311)

Madigan v Putnam County

2024 NY Slip Op 04311

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-04233
2023-04236
2023-07329
 (Index No. 501978/19)

[*1]Patricia Madigan, appellant, 
v
Putnam County, respondent.

Abrams Fensterman, LLP, White Plains, NY (Lisa Colosi Florio and Aaron Zucker of counsel), for appellant.
Portale Randazzo LLP, White Plains, NY (James A. Randazzo and Drew W. Sumner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Thomas Ritchie Davis, J.), dated January 19, 2023, (2) an order of the same court dated April 13, 2023, and (3) a judgment of the same court dated July 24, 2023. The order dated January 19, 2023, insofar as appealed from, denied the plaintiff's application for the release to the parties of a paper used by the jury during its deliberations. The order dated April 13, 2023, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant as contrary to the weight of the evidence or in the interest of justice and for a new trial. The judgment, upon the jury verdict and the orders, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In February 2019, the plaintiff allegedly was injured when she slipped and fell on ice on a sidewalk leading from a parking lot to the building where she worked. The plaintiff commenced this action against the defendant, Putnam County, whose employees had performed snow and ice removal at the premises. At trial, the plaintiff testified that immediately prior to her fall, she had attempted to walk across a crosswalk to the sidewalk, but there was a pile of ice blocking her way. The plaintiff then walked along the curb, which was lined with snow and ice, for approximately 8 to 10 feet before attempting to step onto the sidewalk where she slipped and fell. [*2]The plaintiff testified that the snow and ice along the curb and the snow blocking the crosswalk were deposited there by plows operated by employees of the defendant.
During deliberations, the jury requested a new verdict sheet, indicating that it had several corrections to make. The parties agreed that the jury should be given a new verdict sheet and that the one previously given to it should be destroyed without being seen by the parties, as it was part of the jury's deliberations. Subsequently, the jury returned its verdict, finding that, although the condition of the area where the plaintiff fell was an unusually dangerous condition, the defendant did not negligently create the condition. After the jury was discharged, the plaintiff made an application for the release to the parties of the first verdict sheet, which had not been destroyed, to assist in making a posttrial motion. In an order dated January 19, 2023, the Supreme Court, inter alia, denied the application. The plaintiff subsequently moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial. In an order dated April 13, 2023, the Supreme Court denied the motion. A judgment, upon the jury verdict and the orders, was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
Pursuant to CPLR 4404(a), the court may set aside a jury verdict and order a new trial where it finds that the verdict was contrary to the weight of the evidence. A court may not disregard a jury verdict as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Schuster v Sourour, 207 AD3d 491, 493). Here, contrary to the plaintiff's contention, the jury's verdict that the defendant did not negligently create the dangerous condition in the area where she fell was supported by a fair interpretation of the trial evidence and was not contrary to the weight of the evidence (see Williams v Illinois Tool Works, Inc., 208 AD3d 1206, 1208; see also Morreale v Town of Smithtown, 153 AD3d 917, 918; Masotto v Village of Lindenhurst, 100 AD3d 718, 719).
"A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1017 [internal quotation marks omitted]). Here, the plaintiff's challenges to the jury charge and the verdict sheet are unpreserved for appellate review, as the plaintiff did not object to the jury charge or the verdict sheet at trial (see CPLR 4110-b; Feiner v Galpern, 187 AD3d 992, 993; Lande v Aronheim, 35 AD3d 819, 819-820).
In addition, the Supreme Court providently exercised its discretion in denying the plaintiff's application for the release to the parties of the first verdict sheet. "In the absence of good cause, jurors should be protected against posttrial efforts to browse among their thoughts in an effort to invalidate their verdict" (Gamell v Mt. Sinai Hosp., 40 AD2d 1010, 1011 [internal quotation marks omitted]). Here, in support of her application, the plaintiff failed to establish good cause for the release of the first verdict sheet.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court