Drayton v Putnam Hosp. Ctr. (2025 NY Slip Op 00845)

Drayton v Putnam Hosp. Ctr.

2025 NY Slip Op 00845

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-01486
 (Index No. 501139/19)

[*1]Daryl Drayton, appellant, 
v
Putnam Hospital Center, respondent.

Law Office of Stephen A. Strauss, P.C., Huntington, NY, for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP (Judy C. Selmeci and Michael F. Grady of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an amended judgment of the Supreme Court, Putnam County (Victor G. Grossman, J.), entered January 12, 2023. The amended judgment, upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the amended judgment is reversed, on the law and in the exercise of discretion, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Putnam County, for a new trial on the issue of liability and, if necessary, a trial on the issue of damages.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when a hospital bed, which the plaintiff claimed was not properly locked and secured, slid from underneath him causing him to fall. After a trial on the issue of liability, the jury found in favor of the defendant and an amended judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
At the trial, a nurse testified that the hospital bed in question was properly locked and secured, while the plaintiff testified that the bed was not locked or properly secured. Here, the verdict in favor of the defendant can be reconciled with a reasonable view of the evidence. The jury was presented with conflicting testimony and its determination to credit the defendant's witness is entitled to deference (see Ditoro v Richmond Univ. Med. Ctr., 202 AD3d 912, 913). The jury's determination that the defendant was not negligent was not contrary to the weight of the evidence.
However, the Supreme Court should have granted the plaintiff's motion for a mistrial based upon improper cross-examination of the plaintiff about a pending lawsuit against him relating to his alleged failure to pay for an unrelated medical procedure. Where a lawsuit has not resulted in an adverse finding against a witness, counsel should not be permitted to ask the witness if he or she has been sued since the fact that a lawsuit has been commenced, in and of itself, has little or no probative value with regard to credibility (see People v Smith, 27 NY3d 652, 662). Here, the court improvidently permitted defense counsel to cross-examine the plaintiff as to whether he was the defendant in a pending lawsuit alleging nonpayment, since the lawsuit had not resulted in an adverse [*2]finding against the plaintiff and the fact that the lawsuit had been commenced, in and of itself, had little to no probative value with regard to the plaintiff's credibility (see id.). Moreover, defense counsel's reference to an allegation that the plaintiff had taken $200,000 in insurance proceeds that was not forwarded to medical providers and, after being precluded from ascertaining from the plaintiff whether that allegation was true, defense counsel's reference to "someone" taking $250,000 that "didn't belong to them," prejudiced the plaintiff, who was the sole eyewitness on his behalf. In view of the foregoing, the court should have granted the plaintiff's motion for a mistrial (see Johnson-Hendy v Mosu, 201 AD3d 896, 899; see also Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023-1024; Dance v Town of Southampton, 95 AD2d 442, 453).
Accordingly, we reverse the amended judgment and remit the matter to the Supreme Court, Putnam County, for a new trial on the issue of liability and, if necessary, a trial on the issue of damages.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court