Nugent v Highland Rehabilitation & Nursing Ctr. (2025 NY Slip Op 04098)

Nugent v Highland Rehabilitation & Nursing Ctr.

2025 NY Slip Op 04098

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-08787
 (Index No. 696/15)

[*1]Linda Nugent, et al., respondents, 
v
Highland Rehabilitation and Nursing Center, et al., defendants, HRNC Operating, LLC, appellant.

Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell and Lisa Fleischmann of counsel), for appellant.
Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant HRNC Operating, LLC, appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated July 12, 2023. The order denied that defendant's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff Linda Nugent and against the defendant Highland Rehabilitation and Nursing Center and for judgment as a matter of law dismissing the complaint insofar as asserted against it and the defendant Highland Rehabilitation and Nursing Center or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
On May 22, 2014, the plaintiff Linda Nugent was admitted to the defendant Highland Rehabilitation and Nursing Center (hereinafter Highland) to receive rehabilitative treatment following a period of hospitalization. Upon Nugent's admission to Highland, a nurse performed an admissions assessment, which revealed that Nugent presented a high risk of falling. In the early morning hours of May 23, 2014, Nugent was found lying on the floor near her bed and thereafter was diagnosed with a fractured hip. The plaintiffs commenced this action against Highland, the defendant HRNC Operating, LLC (hereinafter HRNC and, together with Highland, the facility defendants), and another defendant, inter alia, to recover damages for medical malpractice. After a trial, the jury found, among other things, that Highland departed from the standard of care by not placing a bed alarm in Nugent's bed and that this departure was a proximate cause of Nugent's injuries.
Thereafter, HRNC moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against the facility defendants or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. In an order dated July 12, 2023, the Supreme Court denied the motion. HRNC appeals.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is simply no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial" (Velasquez v Ruiz, 203 AD3d 786, 788 [alteration and internal quotation marks omitted]; see Osorio v New York City Health & Hosps. Corp., 211 AD3d 842, 845). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d 553, 556).
"'In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries'" (Gruen v Brathwaite, 215 AD3d 927, 928, quoting Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 774-775). "Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Velasquez v Ruiz, 203 AD3d at 788 [internal quotation marks omitted]; see Shouldis v Strange, 227 AD3d 743, 745; Feinstein v Norwegian Christian Home & Health Ctr., Inc., 135 AD3d 699, 701).
Contrary to HRNC's contention, there was a valid line of reasoning by which the jury could have concluded that Highland departed from accepted standards of medical practice by failing to place a bed alarm in Nugent's bed and that this departure was a proximate cause of Nugent's injuries based upon the testimony of the plaintiffs' expert. The plaintiffs' expert concluded that Highland's failure to place a bed alarm in Nugent's bed inhibited Highland's nurses and staff from being alerted to Nugent's movements with sufficient time to intervene or assist in her attempt to move out of her bed. The jury could reasonably infer from such testimony that such departure decreased the chances of a nurse or staff member being present to intervene in, or assist with, Nugent's attempt to get up from her bed, which consequently increased Nugent's chances of falling and sustaining injuries.
Further, the jury verdict was not contrary to the weight of the evidence. A jury verdict may not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the moving party's favor that it "could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Abbene v Conetta, 198 AD3d 849, 850; Marmo v Terracciano, 153 AD3d 512, 513). The resolution of credibility issues by the jury, which had the opportunity to observe the witnesses, is entitled to deference (see Abbene v Conetta, 198 AD3d at 850; Aronov v Kanarek, 166 AD3d 574, 575). Further, where conflicting expert testimony is presented, "'the jury is entitled to accept one expert's opinion and reject that of another expert'" (Abbene v Conetta, 198 AD3d at 850, quoting Hollingsworth v Mercy Med. Ctr., 161 AD3d 831, 832). Here, the jury's findings that Highland departed from good and accepted medical practice and that the departure was a substantial factor in causing injury to Nugent were based upon a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence.
Accordingly, the Supreme Court properly denied HRNC's motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against the facility defendants or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court