*884 At all relevant times, the plaintiff was employed by the third-party defendant, New York City Police Pension Fund (hereinafter the Pension Fund), and worked on the 19th floor of 233 Broadway in Manhattan (hereinafter the premises). The premises were owned by the defendant/third-party plaintiff 233 Broadway Owners, LLC, managed by the defendant/third-party plaintiff Witkoff Group, Inc. (hereinafter together the building defendants), and leased to the Pension Fund. Pursuant to a contract with the Pension Fund, the defendant ADT Security Services, Inc. (hereinafter ADT), had installed various security components related to a certain door at the premises. On August 22, 2003, the plaintiff attempted to open that door in order to accept a delivery. According to the plaintiff, she received an electrical shock upon opening the door, which caused her to sustain severe injuries.
In 2005, the plaintiff commenced this action against ADT and the building defendants, alleging negligence. ADT and the building defendants asserted various cross claims against each another. The building defendants then commenced a third-party action against the Pension Fund, seeking contribution, common-law indemnification, and contractual indemnification. In late 2008 and early 2009, ADT and the building defendants separately moved to strike the plaintiffs note of issue and for summary judgment dismissing the complaint and all cross claims *885 insofar as asserted against each of them. In the alternative, the building defendants sought, inter alia, summary judgment on their third-party causes of action for common-law and contractual indemnification against the Pension Fund.
The plaintiff opposed the motions for summary judgment, relying on, among other things, an affidavit from a master electrician. She also cross-moved for leave to amend her bill of particulars so as to add allegations that the defendants violated sections 27-976 and 27-3025 of the Administrative Code of City of New York (hereinafter the Administrative Code). ADT and the building defendants opposed the plaintiffs cross motion, and separately cross-moved to strike the affidavit and preclude any trial testimony by the electrician on the ground that the plaintiff had not previously disclosed him as her expert, in violation of CPLR 3101 (d).
In the order appealed from, dated May 27, 2010, the Supreme Court, inter alia, denied the cross motions to strike the electrician’s affidavit and to preclude his testimony at trial, denied ADT’s motion and that branch of the building defendants’ cross motion which was for summary judgment, granted the plaintiffs separate cross motion for leave to amend her bill of particulars, and awarded conditional summary judgment to the building defendants on their third-party causes of action for common-law and contractual indemnification against the Pension Fund.
The Supreme Court providently exercised its discretion in granting the plaintiffs cross motion for leave to amend her bill of particulars to assert violations of Administrative Code §§ 27-976 and 27-3025. ADT and the building defendants failed to demonstrate that the proposed allegations constituted new theories of liability, or that they would be prejudiced if the plaintiff were allowed to amend her bill of particulars to add these allegations (see Sanders v St. Vincent Hosp., 95 AD3d 1195, 1196 [2012]; Hughes v Concourse Residence Corp., 62 AD3d 463, 463 [2009]; Hageman v Home Depot U.S.A., Inc., 45 AD3d 730, 731 [2007]; Kelleir v Supreme Indus. Park, 293 AD2d 513, 513-514 [2002]), and they otherwise failed to demonstrate in their arguments in opposition to the plaintiffs cross motion that the proposed amendments were palpably insufficient or patently devoid of merit (see Creese v Long Is. Light. Co., 98 AD3d 708 [2012]).
With respect to motion and cross motions for summary judgment, contrary to ADT’s and the building defendants’ contentions, under the particular circumstances of this case, the plaintiff’s allegedly untimely disclosure did not render her *886 expert’s affidavit inadmissible (see Rivers v Birnbaum, — AD3d —, 2012 NY Slip Op 06935 [2012] [decided herewith]; cf. Pellechia v Partner Aviation Enters., Inc., 80 AD3d 740, 741 [2011]; Gerardi v Verizon N.Y., Inc., 66 AD3d 960, 961 [2009]; Wartski v C.W. Post Campus of Long Is. Univ., 63 AD3d 916, 917 [2009]). ADT correctly argues that the Supreme Court should have disregarded those portions of the expert’s affidavit that purported to interpret the Pension Fund’s lease, purported to interpret the contract between ADT and the Pension Fund, and offered opinions as to the parties’ legal obligations based on those documents (see DeFalco v Parker, 292 AD2d 335, 335 [2002]; Colon v Rent-A-Center, 276 AD2d 58, 61 [2000]; see also Sutton v East Riv. Sav. Bank, 55 NY2d 550, 553-554 [1982]). ADT also correctly asserts that the doctrine of res ipsa loquitur is not relevant to the plaintiffs case against ADT, as the record reflects, among other things, that ADT lacked exclusive control over the instrumentality that allegedly caused her injury (see Dermatossian v New York City Tr. Auth., 67 NY2d 219, 228 [1986]; Salazar v Fives 160th LLC, 91 AD3d 523, 524 [2012]; Bodnarchuk v State of New York, 49 AD3d 581, 582 [2008]). Nonetheless, the Supreme Court properly denied that branch of ADT’s motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In opposition to ADT’s prima facie showing of entitlement to judgment as a matter of dismissing the complaint insofar as asserted against it, the plaintiff, through the submission of her expert’s affidavit, raised a triable issue of fact, despite the defects in the affidavit.
Conversely, the Supreme Court should have granted those branches of the building defendants’ cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. “[A]n out-of-possession landlord generally will not be responsible for injuries occurring on its premises unless the landlord ‘has a duty imposed by statute or assumed by contract or a course of conduct’ ” (Moltisanti v Virgin Entertainment Group, Inc., 91 AD3d 838, 838 [2012], quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18 [2011]). Notwithstanding the allegations of Administrative Code violations discussed above, the building defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that they did not have a duty, whether imposed by statute or assumed by virtue of the lease or a course of conduct, to repair the defect which allegedly caused the plaintiff’s injuries. Therefore, the building defendants established, prima facie, that they owed no duty to the plaintiff (see Moltisanti v Virgin Entertainment Group, Inc., 91 AD3d at *887 839; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18-19). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determinations, the Pension Fund’s cross appeal and so much of the building defendants’ separate cross appeal as pertained to the issue of indemnification have been rendered academic. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.