Deja Vu Act II, Inc. v Thangarajah (2022 NY Slip Op 02528)

Deja Vu Act II, Inc. v Thangarajah

2022 NY Slip Op 02528

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-02816
2019-04896
 (Index No. 1757/14)

[*1]Deja Vu Act II, Inc., respondent,
v
Joseph Thangarajah, appellant, et al., defendants.

Andrea S. Gross, St. Albans, NY, for appellant.
Albanese & Albanese, LLP, Garden City, NY (Christopher Civitano and Barry Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Thangarajah appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 16, 2017, and an order of the same court dated January 9, 2019. The order and judgment of foreclosure and sale, upon a decision of the same court (Tracy Catapano-Fox, Ct. Atty. Ref.) dated April 7, 2016, made after a nonjury trial, and upon an order of the same court dated May 2, 2017, granting the plaintiff's unopposed motion to confirm a referee's report and for leave to enter a judgment of foreclosure and sale, inter alia, directed the sale of the subject premises. The order dated January 9, 2019, insofar as appealed from, denied that branch of the motion of the defendant Joseph Thangarajah which was for leave to reargue an unsigned proposed order to show cause, which had sought to vacate the order and judgment of foreclosure and sale.
ORDERED that the appeals are dismissed, with one bill of costs.
On January 29, 2014, the plaintiff, Deja Vu Act II, Inc., commenced this action to foreclose a mortgage against the defendant Joseph Thangarajah (hereinafter the defendant), among others. In a decision dated April 7, 2016, made after a nonjury trial, a court attorney referee determined that the plaintiff was entitled to foreclose on the mortgage, and the matter was referred to a referee to compute the amount due to the plaintiff. On March 1, 2017, the plaintiff moved to confirm the referee's report and for leave to enter a judgment of foreclosure and sale. The defendant did not oppose the motion, and, in an order dated May 2, 2017, the Supreme Court granted the motion. An order and judgment of foreclosure and sale entered November 16, 2017, inter alia, directed the sale of the subject premises. The defendant appeals from the order and judgment of foreclosure and sale.
On October 11, 2018, the defendant submitted to the Supreme Court a proposed order to show cause seeking, among other things, to vacate the order and judgment of foreclosure and sale. The court declined to sign the order to show cause. The defendant appealed from the unsigned order to show cause, and, in a decision and order on motion dated November 13, 2018, this Court [*2]dismissed that appeal on the ground that no appeal lies from the denial of an application to sign an order to show cause (see CPLR 5701[a]; Armonk Snack Mart, Inc. v Robert Porpora Realty Corp., 138 AD3d 1045, 1047).
On November 14, 2018, the defendant moved by notice of motion, inter alia, for leave to reargue the unsigned order to show cause. In an order dated January 9, 2019, the Supreme Court, among other things, denied that branch of the defendant's motion which was for leave to reargue. The defendant appeals from so much of the order dated January 9, 2019, as denied that branch of the motion which was for leave to reargue.
The appeal from the order and judgment of foreclosure and sale must be dismissed because "[n]o appeal lies from an order or judgment granted upon the default of the appealing party" (HSBC Bank USA, N.A. v Epstein, 199 AD3d 790, 790; see CPLR 5511), and the defendant has not raised any issue in connection with the order and judgment of foreclosure and sale which was the subject of contest in the Supreme Court (see James v Powell, 19 NY2d 249, 256 n 3).
We dismiss the appeal from so much of the order dated January 9, 2019, as denied that branch of the defendant's motion which sought leave to reargue the unsigned order to show cause on the ground that no appeal lies from an order denying reargument (see Liang v Yi Jing Tan, 140 AD3d 1029; see also Tarlo v 270 Fifth Street Corp., 201 AD3d 837).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court