Benjamin v 270 Malcolm X Dev., Inc. (2023 NY Slip Op 01275)

Benjamin v 270 Malcolm X Dev., Inc.

2023 NY Slip Op 01275

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-13815
 (Index No. 517545/17)

[*1]Jim Benjamin, appellant, 
v
270 Malcolm X Development, Inc., et al., respondents, et al. defendant.

Sean Sabeti, Great Neck, NY, for appellant.
Cox Padmore Skolnick & Shakarchy LLP, New York, NY (Laleh Hawa of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated October 30, 2019. The order denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the amended complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the amended complaint is granted.
The plaintiff commenced this action, inter alia, alleging breach of an oral joint venture agreement regarding the development of a 12-unit apartment building in Brooklyn. The plaintiff alleges that he and Ahron Ostad (hereinafter Ahron) agreed to be 50/50 partners in the purchase, development, and sale of the property. Ahron provided the majority of the funding, while the plaintiff acted as the developer, developing the property over a period of three years. Due to the state of the real estate market in 2008, when the project was complete, the plaintiff and Ahron allegedly agreed to rent the apartments until such time as a sale became appropriate. Ahron died in 2009, and the shares of the defendant 270 Malcolm X Development, Inc. (hereinafter 270 Malcolm X), a corporation established to hold the property, passed to Ahron's wife, Irene Ostad (hereinafter Irene), and then to Irene's estate upon her death. The defendant Fred Ostad (hereinafter Fred) is the executor of Irene's estate. Upon Fred's alleged assurances to the plaintiff regarding the plaintiff's 50% interest in the venture, the plaintiff allegedly continued to manage and maintain the rental units until October 2014, when Fred excluded the plaintiff from the property and refused to acknowledge the plaintiff's alleged interest in the venture's profits.
The amended complaint asserted causes of action, among other things, to recover damages for breach of contract. In an order dated April 24, 2018, the Supreme Court, inter alia, granted the motion of 270 Malcolm X, Irene's estate, and Fred, individually and as executor of Irene's estate (hereinafter collectively the defendants), pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The court directed dismissal of the breach of [*2]contract causes of action on the basis that those causes of action failed to allege an agreement to share the losses, as well as the profits, of the project—an essential element of a joint venture not subject to the statute of frauds (see Mawere v Landau, 130 AD3d 986, 988; Clarke v Sky Express, Inc., 118 AD3d 935, 935; Blank v Nadler, 143 AD2d 966, 966-967). The plaintiff thereafter moved for leave to reargue his opposition to the defendants' motion or pursuant to CPLR 3025(b) for leave to amend the amended complaint. The Supreme Court denied that branch of the plaintiff's motion which was for leave to reargue, and stated that the plaintiff could make a separate motion for leave to amend the pleading.
The plaintiff then moved pursuant to CPLR 3025(b) for leave to amend the amended complaint. The proposed second amended complaint asserted breach of contract causes of action which included the previously omitted allegation of loss sharing, and asserted an alternative cause of action to recover in quantum meruit for work performed on the project. The Supreme Court denied the motion, and the plaintiff appeals.
In the absence of prejudice or surprise, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Ulster Sav. Bank v Fiore, 165 AD3d 734, 736; Martin v City of New York, 153 AD3d 693, 694). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). "'In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Alter v Quality Choice Healthcare, Inc., 184 AD3d 612, 613, quoting Cohen v Ho, 38 AD3d 705, 706).
Here, the Supreme Court improperly denied the plaintiff's motion on the basis that the breach of contract causes of action in the amended complaint had previously been dismissed (see Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 24). Moreover, under the circumstances here, the court should have granted the plaintiff's motion. The defendants cannot be prejudiced or surprised by the proposed amendments, which were premised upon the same facts, transactions, or occurrences alleged in the amended complaint and "simply sought to cure the deficiencies cited by the Supreme Court in its earlier order which resulted in the dismissal" (id. at 27; see Dialcom, LLC v AT & T Corp., 50 AD3d 727, 728). Further, the plaintiff explained that the omission of a loss-sharing allegation from the amended complaint was inadvertent, and he diligently sought to amend the pleading to correct the defect (see Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d at 21-22; see also Mawere v Landau, 130 AD3d at 988-989).
The defendants' current challenges to the sufficiency of the proposed second amended complaint are improperly raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court