LCVAWCP-Doe v Collins (2023 NY Slip Op 03773)

LCVAWCP-Doe v Collins

2023 NY Slip Op 03773

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-06227

[*1]LCVAWCP-Doe, respondent,
v
James Collins, et al., defendants, Chappaqua Central School District, appellant. (Westchester County Index No. 67488/21)

Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY (Mark C. Rushfield of counsel), for appellant.
Krantz & Berman, LLP (Thomas Torto, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Chappaqua Central School District appeals from an order of the Supreme Court, Nassau County (Part CVA-R) (Leonard D. Steinman,J.), dated July5, 2022. The order granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the amended complaint.
ORDERED that the order is affirmed, with costs.
In September 2020, the plaintiff commenced this action against the defendants Horace Greeley High School and Chappaqua Central School District (hereinafter together the school defendants), among others, pursuant to the Child Victims Act (hereinafter the CVA) (see CPLR 214-g), asserting, in an amended complaint, inter alia, causes of action sounding in negligence stemming from childhood sexual abuse, negligent hiring and retention, and negligent supervision. In April 2021, the school defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint insofar as asserted against them, arguing, among other things, that the amended complaint failed to allege that the defendant James Collins, who allegedly was employed by the school defendants, had committed acts during school hours or on school grounds that constituted sexual acts under the CVA, and that due to that failure, the amended complaint insofar as asserted against them was barred by the statute of limitations. In an order dated September 21, 2021, the Supreme Court granted the school defendants' motion.
In February 2022, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the amended complaint. The proposed second amended complaint asserted, inter alia, causes of action sounding in negligence stemming from childhood sexual abuse, negligent hiring and retention, and negligent supervision. The proposed second amended complaint included new allegations, among other things, that Collins had "press[ed] his genitals against [the plaintiff's] body, back and buttocks" and "squeezed [the plaintiff's] buttocks" in the school. The school defendants opposed the plaintiff's motion, arguing, inter alia, that the plaintiff's claims against them had already been dismissed as barred by the statute of limitations, which functioned as a dismissal on the merits with prejudice.
In an order dated July 5, 2022, the Supreme Court granted the plaintiff's motion for leave to amend the amended complaint. Chappaqua Central School District (hereinafter CCSD) appeals.
"In the absence of prejudice or surprise [to the opposing party], leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Benjamin v 270 Malcolm X Dev., Inc., 214 AD3d 762, 764; see CPLR 3025[b]; Postiglione v Castro, 119 AD3d 920, 922). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; Benjamin v 270 Malcolm X Dev., Inc., 214 AD3d at 764). Contrary to CCSD's contention, since the original complaint, which was filed in September 2020, gave "notice of the transactions, occurrences, or series of transactions or occurrences" on which the claims in the proposed second amended complaint were based, the proposed second amended complaint relates back to the original complaint and is deemed to have been timely interposed (CPLR 203[f]; see DeLuca v PSCH, Inc., 170 AD3d 800, 802).
The Supreme Court properly granted the plaintiff's motion for leave to amend the amended complaint to cure the factual deficiencies preventing revival under the CVA. The proposed second amended complaint set forth allegations which are not palpably insufficient or patently devoid of merit. Furthermore, CCSD failed to demonstrate that it would be prejudiced or surprised by virtue of the proposed second amended complaint (see CPLR 3025[b]; Postiglione v Castro, 119 AD3d at 922; Crystal House Manor v Totura, 5 AD3d 425, 426).
CCSD's remaining contentions are without merit.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court