Alsaidi v Alsaede (2024 NY Slip Op 02291)

Alsaidi v Alsaede

2024 NY Slip Op 02291

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-07972
2022-04553
 (Index No. 512191/20)

[*1]Kamal Alsaidi, etc., respondent, 
v
Ali Alsaede, et al., appellants, et al., defendants.

Joseph A. Altman, P.C., Fleetwood, NY, for appellants.
Tarter Krinsky & Drogin LLP, New York, NY (Steve Polyakov of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants Ali Alsaede and Capital A Management, Inc., appeal from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated October 5, 2021, and (2) an order of the same court dated April 27, 2022. The order dated October 5, 2021, insofar as appealed from, granted the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint and denied those branches of the motion of the defendants Ali Alsaede and Capital A Management, Inc., which were, in effect, pursuant to CPLR 3211(a) to dismiss the fourth, fifth, and sixth causes of action of the amended complaint. The order dated April 27, 2022, insofar as appealed from, denied the motion of the defendants Ali Alsaede and Capital A Management, Inc., pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In 2005, Kamal Alsaidi, Abdo Alsaede, Ahmed Nasser, and Abdo M. Nasser formed Mountains of Saber, LLC (hereinafter Saber), which owned a commercial building located in Brooklyn. In 2020, Alsaidi and Saber commenced this action against Ali Alsaede (hereinafter Ali) and Capital A Management, Inc. (hereinafter Capital A Management), a company allegedly owned by Ali, inter alia, to recover damages for breach of contract and breach of fiduciary duty related to their management of Saber's commercial building. Thereafter, Ali and Capital A Management (hereinafter together the appellants) moved pursuant to CPLR 3211(a) to dismiss the complaint, based upon, among other things, lack of standing. Alsaidi and Saber cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint to clarify that the plaintiff was Alsaidi suing individually and derivatively on behalf of Saber, to add the remaining members of Saber as defendants, and to assert additional causes of action. In an order dated October 5, 2021, the Supreme Court, inter alia, granted the plaintiff's motion for leave to amend the complaint, granted those branches of the appellants' motion which were, in effect, to dismiss the first, second, and third causes of action of the amended complaint, and denied those branches of the appellants' motion which were, in effect, to dismiss the fourth, fifth, and sixth causes of action of the amended complaint. In February 2022, the plaintiff filed an amended complaint, and the appellants moved pursuant to CPLR 3211(a) to [*2]dismiss the amended complaint. In an order dated April 27, 2022, the court, among other things, denied the appellants' motion to dismiss the amended complaint. The appellants appeal from so much of the October 5, 2021 order as granted the plaintiff's cross-motion for leave to amend the complaint and denied those branches of their motion which were, in effect, to dismiss the fourth, fifth, and sixth causes of action of the amended complaint, and from so much of the April 27, 2022 order as denied their motion to dismiss the amended complaint.
"Under CPLR 3211(a)(1), a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1327-1328; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). "On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]).
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (LCVAWCP-Doe v Collins, 218 AD3d 557, 558 [internal quotation marks and alterations omitted]; see CPLR 3025[b]). The decision to permit or deny amendment is committed to the sound discretion of the trial court (see LCVAWCP-Doe v Collins, 218 AD3d at 558).
Here, the Supreme Court providently exercised its discretion by granting the plaintiff's cross-motion for leave to amend the complaint, and properly denied those branches of the appellants' motion which were, in effect, to dismiss the fourth, fifth, and sixth causes of action of the amended complaint. Contrary to the appellants' contention, Alsaidi did not lack standing to sue derivatively on behalf of Saber (see Tzolis v Wolff, 10 NY3d 100, 103; Recine v Recine, 201 AD3d 827, 829; Pokoik v Norsel Realties, 164 AD3d 1124, 1125). Nor is there anything inherently improper about bringing claims both derivatively and individually (see Pokoik v Pokoik, 146 AD3d 474, 475).
The appellants' remaining contentions are without merit.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court