Bayview Loan Servicing, LLC v Kelly (2025 NY Slip Op 01075)

Bayview Loan Servicing, LLC v Kelly

2025 NY Slip Op 01075

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-05366
2023-00558
 (Index No. 2043/18)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Barbara Kelly, appellant.

Barbara Kelly, Washingtonville, NY, appellant pro se.
LOGS Legal Group, Rochester, NY (Virginia Grapensteter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), entered April 14, 2022, and (2) an order of the same court dated November 23, 2022. The order and judgment of foreclosure and sale, upon an order of the same court dated April 12, 2022, (1) granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and (2) denying the defendant's cross-motion (a) to vacate a prior order of the same court dated June 19, 2019, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint and for an order of reference, and (b) to dismiss the complaint for lack of personal jurisdiction, inter alia, confirmed the referee's report and directed the sale of the real property at issue. The order dated November 23, 2022, (1) denied the defendant's motion for leave to reargue her opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and to reargue her prior cross-motion, and (2) denied the defendant's application to sign an order to show cause.
ORDERED that the appeal from the order dated November 23, 2022, is dismissed, as no appeal lies from an order denying reargument or from the denial of an application to sign an order to show cause; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2018, the plaintiff, Bayview Loan Servicing, LLC, commenced this action against the defendant to foreclose a consolidated mortgage encumbering real property located in Washingtonville. The defendant, appearing pro se, interposed an answer asserting affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and dismissing the affirmative defenses, to strike the answer, and for an order of reference. The defendant did not oppose. By order dated June 19, 2019, the Supreme Court granted the plaintiff's motion (hereinafter the June 2019 order).
In October 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to vacate the June 2019 order and to [*2]dismiss the complaint for lack of personal jurisdiction. By order dated April 12, 2022, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. On April 14, 2022, an order and judgment of foreclosure and sale was entered.
Thereafter, the defendant moved for leave to reargue, inter alia, her prior cross-motion and submitted to the Supreme Court a proposed order to show cause by which she would move to stay the foreclosure sale. In an order dated November 23, 2022 (hereinafter the November 2022 order), the court denied as untimely the defendant's motion for leave to reargue and denied her application to sign an order to show cause.
The appeal from the November 2022 order must be dismissed, as no appeal lies from the denial of leave to reargue (see Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d 951, 952; U.S. Bank N.A. v McCaffery, 186 AD3d 897, 899) or from the denial of an application to sign an order to show cause (see Deja Vu Act II, Inc. v Thangarajah, 204 AD3d 882, 883).
"A party seeking to vacate an order entered upon its default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Bank of N.Y. v Attia, 172 AD3d 666, 667; see CPLR 5015[a][1]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 915).
Here, the defendant failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference (see Wells Fargo Bank, N.A. v Echeverria, 204 AD3d 955, 957; Bank of N.Y. v Attia, 172 AD3d at 667). Since the defendant failed to proffer a reasonable excuse, this Court need not consider whether she had a potentially meritorious opposition to the motion (see Deutsche Bank Natl. Trust Co. v Pagan, 183 AD3d 801, 803; Bank of N.Y. v Attia, 172 AD3d at 667).
The defendant's remaining contention is without merit.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court