## Kennedy v Hines 1045 Ave. of the Ams. Invs. LLC

2025 NY Slip Op 30994(U)

March 25, 2025

Supreme Court, New York County

Docket Number: Index No. 156501/2016

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**                          PART                    47

                                              *Justice*

--------------------------------------------------------------------X

JOHN KENNEDY,                                   INDEX NO.          156501/2016

                              Plaintiff,         MOTION DATE        09/06/2024

          - v -                                  MOTION SEQ. NO.        010

HINES 1045 AVENUE OF THE AMERICAS INVESTORS
LLC,7BP OWNER, LLC, PACOLET MILLIKEN
ENTERPRISES, INC., STRUCTURE TONE, INC.,          **DECISION + ORDER ON**
GALASSO TRUCKING AND RIGGING, INC., STRIANO             **MOTION**
ELECTRIC,


                              Defendants.

--------------------------------------------------------------------X


HINES 1045 AVENUE OF THE AMERICAS INVESTORS LLC,        Third-Party
7BP OWNER, LLC, PACOLET MILLIKEN ENTERPRISES,        Index No.  595822/2016
INC., STRUCTURE TONE, INC.


                              Plaintiffs,

          -against-


GALASSO TRUCKING AND RIGGING, INC., STRIANO
ELECTRIC


                              Defendants.
--------------------------------------------------------------------X

GALASSO TRUCKING AND RIGGING INC.                   Second Third-Party
                                                  Index No.  595496/2017
                              Plaintiff,

          -against-


IRON HORSE TRANSPORT, INC.


                              Defendant.
--------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 010) 528, 529, 530, 531,
532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552,
553, 554

were read on this motion to/for               REARGUMENT/RECONSIDERATION           .

**156501/2016   GENEINE M. OLIVE , AS EXECUTRIX OF THE ESTATE OF JOHN KENNEDY,**          **Page 1 of 4**
**DECEASED. vs. HINES 1045 AVENUE OF THE**
**Motion No.  010**

1 of 4

[* 1]

Defendant Galasso Trucking & Rigging Inc. (Galasso) moves pursuant to CPLR § 2221(d) for leave to reargue its motion to amend its answer to assert the affirmative defense that plaintiff's claims are barred under Workers' Compensation Law (WCL) § 11 (MS #8) and its motion for summary judgment dismissing all claims against it based on that defense (MS #7) which were decided by decision and order dated December 7, 2022[1] (NYSCEF Doc Nos 509-510). Galasso's motion to amend was denied because "Galasso fail[ed] to explain its four-year delay in seeking to assert this defense, which it merely states was inadvertently omitted" and because "the amended pleading would prejudice the other parties as discovery [was] complete and they did not have an opportunity to develop evidence to show that plaintiff was not controlled and supervised by Galasso such as to make Galasso plaintiff's special employee" under the WCL; and its motion for summary judgment was denied because it could not rely on the WCL defense (*id.*).

Galasso now argues that the court "misapprehended material facts and misapplied controlling law which states that applications for such amendments are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit," and that as a result, the court also improperly denied Galasso's motion for summary judgment (NYSCEF Doc No 529). Specifically, Galasso asserts that "contrary to the Court's finding, it . . . provided an entirely reasonable explanation for the timing of its motion[,] [as it] is perfectly logical that once Galasso's Answer was served that it would have no reason to look to see what affirmative defenses had been asserted, until your affirmant started to prepare the motion for summary judgment based on this very defense" and "the motion was made immediately upon it coming to

---

[1] On December 22, 2022, the case was "marked stayed in light of the correspondence informing the court of plaintiff's death" (NYSCEF Doc No 516). On August 27, 2024, the stay was lifted and the case restored to the active calendar, with plaintiff substituted by Geneine M. Olive as executrix of the estate (NYSCEF Doc No 525).

156501/2016   GENEINE M. OLIVE , AS EXECUTRIX OF THE ESTATE OF JOHN KENNEDY,          Page 2 of 4
DECEASED. vs. HINES 1045 AVENUE OF THE
Motion No.  010

2 of 4

the attention of your affirmant that the affirmative defense had been inadvertently omitted from Galasso's Answer" (*id.*). Galasso further argues that "[t]here is no evidence whatsoever that to allow such an amendment in any way prejudices the parties herein" (*id.*).

A motion for leave to reargue must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR § 2221[d][2]). "A motion for leave to renew or reargue is addressed to the sound discretion of the Supreme Court" (*Central Mtge. Co. v McClelland*, 119 AD3d 885, 886 [2nd Dept 2014]).

Galasso's purported explanation for its delay in bringing its motion to amend was merely that the WCL defense "was inadvertently omitted from the prior Answer" (NYSCEF Doc No 535). While it argues on the instant motion that this was "an entirely reasonable explanation," this is not a basis to seek leave to reargue. "The determination to permit or deny amendment [of pleadings] is committed to the sound discretion of the trial court," and "[i]n exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (*Benjamin v 270 Malcolm X Dev., Inc.*, 214 AD3d 762, 764 [2nd Dept 2023] [internal quotation marks omitted]). Galasso's explanation was considered and deemed inadequate. Galasso fails to demonstrate that the court inappropriately exercised its discretion in making this determination, especially considering that Galasso amended its answer multiple times and was still several years delayed in seeking to add this defense.

Galasso's argument that the court overlooked the precedent set in *Murray v New York*, 43 NY2d 400 [1977] is also without merit. In *Murray*, the court held that "*[w]here no prejudice is shown*, the amendment [to add a WCL defense] may be allowed during or even after trial" (*id.* at

156501/2016   GENEINE M. OLIVE , AS EXECUTRIX OF THE ESTATE OF JOHN KENNEDY, DECEASED. vs. HINES 1045 AVENUE OF THE
Motion No.  010

Page 3 of 4

3 of 4

[* 3]

405-07 [emphasis added, internal quotation marks omitted] [also stating that "waiver [of the WCL defense] is accomplished only by a defendant ignoring the issue to the point of final disposition itself"]). Galasso's assertion that "[t]here [was] no evidence whatsoever that to allow such an amendment in any way prejudices the parties" is incorrect (NYSCEF Doc No 529). In the underlying motion, the opposing parties adequately demonstrated how they would be prejudiced by Galasso's belated amendment (NSYCEF Doc No 536). Galasso fails to indicate how the court overlooked these facts or the law, and rather seeks to relitigate the previously decided issue of prejudice (*Setters v AI Prop. and Dev. Corp.*, 139 A.D.3d 492 [1st Dept 2016]).

Accordingly, it is

ORDERED that Galasso's motion is denied; and it is further

ORDERED that the clerk of the court is directed to mark this case as "active" and restore it to the court's calendar.

20250325145049PGOETZD2ECBEC1F73B4E169E3B106656D06124

| 3/252025 | | PAUL A. GOETZ, J.S.C. |
| --- | --- | --- |
| DATE | | |

**CHECK ONE:**  ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☒ DENIED   ☐ GRANTED IN PART   ☐ OTHER

**APPLICATION:**  ☐ SETTLE ORDER   ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**  ☐ INCLUDES TRANSFER/REASSIGN   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

**156501/2016   GENEINE M. OLIVE , AS EXECUTRIX OF THE ESTATE OF JOHN KENNEDY, DECEASED. vs. HINES 1045 AVENUE OF THE**          **Page 4 of 4**
**Motion No.  010**

4 of 4

[* 4]