DeBlasi v DeBlasi (2025 NY Slip Op 02757)

DeBlasi v DeBlasi

2025 NY Slip Op 02757

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2024-02791
 (Index No. 602699/21)

[*1]Kevin DeBlasi, appellant, 
v
Rita DeBlasi, respondent.

John Ray, Miller Place, NY, for appellant.
Scamardella, Gervasi & Kasegrande, P.C., Staten Island, NY (Michael V. Gervasi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated January 9, 2024. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2021, the plaintiff commenced this action against the defendant, his stepmother, to recover damages for assault, battery, and intentional and negligent infliction of emotional distress. He alleged that from 1976 through 1978, when he was between five and seven years old, he and the defendant kissed each other and the defendant touched him inappropriately in a manner that constituted sexual abuse. The defendant moved, among other things, for summary judgment dismissing the complaint, arguing, inter alia, that it was barred by the applicable statute of limitations, and that the plaintiff could not rely upon the revival window contained in CPLR 214-g, enacted as part of the Child Victims Act (hereinafter the CVA), to revive his claims. In an order dated January 9, 2024, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred. The plaintiff appeals.
"'A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired. The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations' or whether the statute of limitations has been tolled" (Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 904-905, quoting Osborn v DeChiara, 165 AD3d 1270, 1271; see Schulman v Schulman Family Enters., 222 AD3d 898, 899). "CPLR 214-g, enacted as part of the CVA, provides a revival window for 'civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run'" (Feaster v Poly Prep Country Day Sch., 227 AD3d 668, 669, quoting S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Spira v National Council of Young Israel, 231 AD3d 987, 988). As relevant here, the CVA provides for the revival of causes of action based upon [*2]"conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age" (CPLR 214-g; see Fain v Berry, 228 AD3d 626, 627).
Here, the defendant demonstrated, prima facie, that the time in which to interpose the causes of action alleged in the complaint expired prior to the commencement of this action (see CPLR 214, 215; Scifo v Taibi, 198 AD3d 704, 705). In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law dismissing the complaint as time-barred, the plaintiff failed to raise a triable issue of fact as to whether he could revive his causes of action under the CVA. The Supreme Court determined that sexual abuse in the third degree (Penal Law § 130.55) and sexual abuse in the second degree (id. § 130.60) constituted the only provisions of Penal Law article 130 that might apply to the alleged conduct and that the plaintiff failed to raise a triable issue of fact as to whether the conduct at issue involved "sexual contact" (id. § 130.00[3]), a principal element of both crimes. "Sexual contact" "is defined under the Penal Law as 'any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party'" (Matter of M.W. [Mohammad W.], 172 AD3d 879, 880, quoting Penal Law § 130.00[3]). "The intent to receive sexual gratification may be inferred from the nature of the acts committed and the circumstances in which they occurred" (Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1030 [internal quotation marks omitted]; see Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941). However, the plaintiff failed to proffer sufficient evidence to demonstrate that the conduct described in the complaint, which he verified, and other sworn testimony constituted "sexual contact" as defined by Penal Law § 130.30(3) (see generally LCVAWCP-Doe v Collins, 218 AD3d 557).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court