Fitzpatrick v Pine Bush Cent. Sch. Dist. (2025 NY Slip Op 03794)

Fitzpatrick v Pine Bush Cent. Sch. Dist.

2025 NY Slip Op 03794

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-09394
2025-00742
 (Index No. 2952/20)

[*1]Jason Fitzpatrick, appellant, 
v
Pine Bush Central School District, et al., respondents, et al., defendant. Foulke Law Firm, Goshen, NY (Evan M. Foulke of counsel), for appellant.

McGivney Kluger Clark & Intoccia, P.C., New York, NY (Mindy Kallus and Gillian A. Fisher of counsel), for respondents Pine Bush Central School District, Board of Education of Pine Bush Central School District, Pine Bush High School, and Crispell Middle School.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 13, 2024, and (2) an order of the same court dated December 20, 2024. The order dated June 13, 2024, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to amend the bill of particulars to include certain statements made by a potential witness to the plaintiff's attorney, Evan M. Foulke, and the plaintiff's former attorney, John Aaron Stark. The order dated December 20, 2024, denied the plaintiff's motion for leave to renew and reargue that branch of his prior motion which was for leave to amend the bill of particulars to include certain statements made by the potential witness to the plaintiff's attorney, Evan M. Foulke, and the plaintiff's former attorney, John Aaron Stark.
ORDERED that the order dated June 13, 2024, is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for leave to amend the bill of particulars to include certain statements made by the potential witness to the plaintiff's attorney, Evan M. Foulke, and the plaintiff's former attorney, John Aaron Stark, is granted; and it is further,
ORDERED that the appeal from so much of the order dated December 20, 2024, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from much of the order dated December 20, 2024, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated June 13, 2024; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2020, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants Pine Bush Central School District, Board of Education of [*2]Pine Bush Central School District, Pine Bush High School, and Crispell Middle School (hereinafter collectively the District defendants), and the defendant Peter Johns, asserting, inter alia, causes of action alleging negligence stemming from childhood sexual abuse and negligent hiring, supervision, and retention.
In October 2023, the plaintiff's attorney at the time, John Aaron Stark, contacted a potential witness, a former school psychologist who had worked with Johns. The potential witness allegedly told Stark that he had heard that Johns had allowed a student to stay at his house for a week. The potential witness initially agreed to sign an affidavit to that effect but decided against it the next day. The potential witness was deposed in February 2024, and initially denied that he had heard that Johns had allowed a student to stay at his house for a week sometime between 1987 and 1989. Upon being confronted with emails demonstrating that he initially had been willing to sign the affidavit, the potential witness agreed that a student must have been present at Johns's house but denied knowing how long that student was present there. The potential witness also spoke with the plaintiff's attorney, Evan M. Foulke, and allegedly told him that it would be inappropriate to meet with a student behind a locked, closed door at school, among other things.
In April 2024, the plaintiff moved for leave to amend the bill of particulars to include both the potential witness's deposition testimony and his statements to Stark and Foulke. The District defendants did not oppose the plaintiff's motion. In an order dated June 13, 2024, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for leave to amend the bill of particulars to include the potential witness's statements to Stark and Foulke. Thereafter, the plaintiff moved for leave to renew and reargue that branch of his prior motion. In an order dated December 20, 2024, the court denied the plaintiff's motion. The plaintiff appeals.
"Pursuant to CPLR 3025(b), leave to amend or supplement a pleading is to be 'freely given'" (Watkins-Bey v MTA Bus Co., 174 AD3d 553, 554). "'In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Onewest Bank, FSB v N & R Family Trust, 200 AD3d 902, 903, quoting Lucido v Mancuso, 49 AD3d 220, 222). "The burden of proof in establishing prejudice or surprise, or that the proposed amendment lacks merit, falls to the party opposing the motion for leave to amend" (Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 71). "[T]he decision of whether to grant or deny leave to amend is subject to the discretion of the trial court" (id.; see LCVAWCP-Doe v Collins, 218 AD3d 557, 558).
The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the bill of particulars to include the proposed witness's statements to Stark and Foulke. The proposed amendment was not palpably insufficient or patently devoid of merit (see Rubin v Poly Prep Country Day Sch., 227 AD3d 741, 743; LCVAWCP-Doe v Collins, 218 AD3d at 558). In this case, having failed to oppose the motion, the District defendants failed to satisfy their burden of demonstrating any prejudice or surprise (see Toiny, LLC v Rahim, 214 AD3d 1023, 1024).
We dismiss the appeal from so much of the order dated December 20, 2024, as denied that branch of the plaintiff's motion which was for leave to reargue that branch of his prior motion which sought leave to amend the bill of particulars to include the potential witness's statements to Stark and Foulke on the ground that no appeal lies from an order denying reargument (see Deja Vu Act II, Inc. v Thangarajah, 204 AD3d 882, 884).
In light of the foregoing, the parties' remaining contentions either need not be reached or are without merit.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court