Reid v Spice City, Inc. (2025 NY Slip Op 04667)

Reid v Spice City, Inc.

2025 NY Slip Op 04667

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2024-06032
2024-12103
 (Index No. 501669/15)

[*1]Charles Reid, etc., respondent, 
v
Spice City, Inc., etc., appellant, et al., defendants.

Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Eldar Mayouhas of counsel), for appellant.
Dansker & Aspromonte Associates (Douglas E. Hoffer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant Spice City, Inc., appeals from (1) an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated December 14, 2023, and (2) an order of the same court dated October 7, 2024. The order dated December 14, 2023, denied that defendant's motion for summary judgment dismissing the second amended complaint insofar as asserted against it. The order dated October 7, 2024, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order dated December 14, 2023, denying that defendant's motion for summary judgment dismissing the second amended complaint insofar as asserted against it, and granted the plaintiff's cross-motion for leave to amend the bill of particulars.
ORDERED that the appeal from the order dated December 14, 2023, is dismissed, as that order was superseded by so much of the order dated October 7, 2024, as was made upon renewal and reargument; and it is further,
ORDERED that the order dated October 7, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On November 15, 2013, the plaintiff's decedent, Simone Dorie Brown, dined with friends at a restaurant operated by the defendant Spice City, Inc. (hereinafter the defendant). The decedent allegedly informed a waiter that she had food allergies and asked whether the food she ordered contained peanuts, shellfish, or related products, and the waiter allegedly confirmed it did not. The decedent and her friends ordered spareribs, springrolls, salmon, and a shrimp dish. Approximately 10 to 15 minutes after the appetizers were served to the table, the decedent started to have difficulty breathing. She was transported by ambulance to Woodhull Medical and Mental Health Center and pronounced dead shortly after arrival.
In February 2015, the plaintiff, individually and as administrator of the decedent's estate, commenced this action, alleging, inter alia, that the defendant negligently and erroneously [*2]informed the decedent that the food she ordered did not contain peanuts, shellfish, or related products, and that the decedent did consume food containing those allergens, which caused her to have a severe allergic reaction that caused her death. In March 2016, the plaintiff served a bill of particulars, which alleged, among other things, that the decedent asked the waiter whether the "Padthai springrolls" contained either peanuts or shellfish, and the waiter allegedly informed the decedent that they did not. Relying upon the waiter's representation, the decedent allegedly ate a springroll containing those allergens, which caused her to experience anaphylaxis.
On April 11, 2023, the plaintiff filed a note of issue and certificate of readiness. On June 5, 2023, the defendant moved for summary judgment dismissing the second amended complaint insofar as asserted against it, arguing, inter alia, that the decedent died of an acute asthma attack and not an anaphylactic reaction. In an order dated December 14, 2023, the Supreme Court denied the motion.
Thereafter, on May 25, 2024, the defendant moved for leave to renew and reargue its prior motion for summary judgment dismissing the second amended complaint insofar as asserted against it. The plaintiff opposed the motion and cross-moved for leave to amend the bill of particulars. In an order dated October 7, 2024, the Supreme Court, among other things, upon renewal and reargument, adhered to the prior determination, denying the defendant's motion for summary judgment dismissing the second amended complaint insofar as asserted against it, and granted the plaintiff's cross-motion. The defendant appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that [it] was not at fault in the happening of the subject accident'" (Gutkina v Max Media & Art, LLC, 227 AD3d 961, 962 [internal quotation marks omitted], quoting Fiorentino v Uncle Giuseppe's of Port Wash., Inc, 208 AD3d 757, 757-758). "Once the movant has made such a showing, the burden shifts to the party opposing the motion to demonstrate the existence of a triable issue of fact" (Metz v Peconic Bay Med. Ctr., 203 AD3d 1040, 1041; see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Here, the defendant established, prima facie, that the decedent did not suffer an anaphylactic reaction as a result of eating at the defendant's restaurant. Specifically, an affirmation of the defendant's medical expert and an autopsy report stated that the decedent's cause of death was acute and chronic bronchial asthma (see Jacob v Franklin Hosp. Med. Ctr., 188 AD3d 838, 840, affd 36 NY3d 1102). In opposition to the motion, the plaintiff submitted an affirmation of a medical expert, who opined that the decedent had an anaphylactic reaction, which contributed to her death. The parties' conflicting expert opinions raised triable issues of fact (see Darrisaw v Interfaith Med. Ctr., 238 AD3d 1111, 1111; Garcia v Long Is. MTA, 2 AD3d 675, 675).
"Pursuant to CPLR 3025, 'leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party'" (Petrolito-McCort v Latefi, 237 AD3d 986, 988, quoting Buccigrossi v Glatman, 214 AD3d 696, 696; see CPLR 3025[b]). "'The determination to permit or deny amendment is committed to the sound discretion of the trial court'" (Petrolito-McCort v Latefi, 237 AD3d at 988, quoting Ofman v Bluestone, 227 AD3d 822, 824). "Leave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (Achee v Merrick Vil., Inc., 208 AD3d 542, 543 [alterations and internal quotation marks omitted]; see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 960).
The Supreme Court providently exercised its discretion in granting the plaintiff's cross-motion for leave to amend the bill of particulars to include allegations of food contamination and a theory of negligence under the doctrine of res ipsa loquitur. The proposed amendments involved no new factual allegations, were not patently devoid of merit, and caused no prejudice to the defendant (see Fitzpatrick v Pine Bush Cent. Sch. Dist., ____ AD3d ____, 2025 NY Slip Op 03794; Roman v 233 Broadway Owners, LLC, 99 AD3d 882, 885).
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court